# Exhibit B

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| TAKEDA GMBH, ASTRAZENECA PHARMACEUTICALS LP, and ASTRAZENECA UK LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | C.A. No. 1:15-CV-00093-IMK |

## MYLAN PHARMACEUTICALS INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Civil Rules of the United States District Court for the Northern District of West Virginia, Defendant Mylan Pharmaceuticals Inc. ("Mylan") requests that Takeda GmbH AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Limited (collectively "Plaintiffs") answer separately and truthfully in writing under oath within thirty (30) days of service hereof each of the interrogatories set forth below in accordance with the following definitions and instructions.

### DEFINITIONS

1. The terms "Plaintiffs," "You," Your," or "AstraZenecca as used herein, refer to and include Takeda GmbH AstraZeneca Pharmaceuticals LP and AstraZeneca UK Limited, and where applicable, their current and former officers, directors, employees, consultants, attorneys, experts, agents, partners, corporate parents, subsidiaries, subdivisions, predecessors and/or affiliates of each such entity.

2. The term "Mylan" or "Defendant," as used herein, refers to and includes Mylan Pharmaceuticals Inc.

3.  The term "the '298 patent," as used herein, refers to and includes United States Patent No. 5,712,298, titled "Fluoroalkoxy-substituted benzamides and their use as cyclic nucleotide phosphodiesterase inhibitors."

4.  The term "the '154 patent," as used herein, refers to and includes United States Patent No. 8,431,154, titled "Oral dosage form containing a PDE 4 inhibitor as an active ingredient and polyvinylpyrrolidone as excipient."

5.  The term "the '206 patent," as used herein, refers to and includes United States Patent No. 8,536,206, titled "Process for the preparation of roflumilast."

6.  The term "the '064 patent," as used herein, refers to and includes United States Patent No. 8,604,064, titled "Process for the preparation of roflumilast."

7.  The term "the '142 patent," as used herein, refers to and includes United States Patent No. 8,618,142, titled "Process for the preparation of roflumilast."

8.  The term "patents-in-suit," as used herein, refers to and includes one, any combination of, or all of United States Patent Nos. 5,712,298, 8,431,154, 8,536,206, 8,604,064, and 8,618,142.

9.  The phrase "patents or patent applications related to the patents-in-suit" means every foreign or U.S. patent application (e.g., provisional, continuation, continuation-in-part, divisional, reexamination proceeding, reissue, or inventor's certificate) whether abandoned, pending, unpublished or published, and every foreign or domestic patent granted based thereon, that directly or indirectly claims any priority to one or more of, or in common with, the patents-in-suit (or the applications resulting in the patents-in-suit), or to which one or more of the patents-in-suit claim priority.

10. The term "communication" means the transmittal of information by any means.

11. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and

include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

13.   The term "date" means the exact day, month, and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations, or matters.

14.   The term "person" means any natural person or any business, legal or governmental entity, or association.

15.   The term "facts" has its ordinary meaning and, pursuant to Federal Rule of Civil Procedure 33(a)(2), also shall mean related opinions, related contentions, and the application of law to fact.

16.   The terms "reflecting," "referring," "relating to," or any derivation therefore, mean without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

17.   The term "thing" means any physical specimen or other tangible item, other than a document.

18.   The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses or documents that otherwise might be construed to be outside of its scope.

19.   The term "including" means without limitation.

## INSTRUCTIONS

1. Each interrogatory shall be construed independently and no interrogatory shall limit the scope of any other interrogatory. If a responding party has any good faith objection to any interrogatory or any part of an interrogatory, that party should identify the part objected to and provide a response to the remaining unobjectionable part.

2. These interrogatories are continuing in nature, so as to require that supplemental answers be filed if further or different information is obtained with respect to any interrogatory.

3. No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering, in accordance with FED. R. CIV. P. 26(e).

5. As used herein, the phrase "describe with full particularity" means to recite, in writing, all facts that you or your counsel have obtained, have access to, and/or are aware of, that refer or relate to the subject matter of the inquiry or request, and those phrases specifically shall mean to

   a. identify the source or sources of each stated fact;
   b. identify all persons with knowledge of each stated fact;
   c. identify all communications referring or relating to each stated fact; and
   d. identify all documents referring or relating to each stated fact.

6. When asked to "identify" or to specify the "identity" of a person, give, to the extent known, the person's full name; present or last known address; and present or last known place of employment.

7. When asked to "identify" or to specify the "identity" of a person who is a past or present director, officer, employee, agent, or representative of Plaintiffs, specify all positions or employments held by that person with Plaintiffs and the dates during which each position or employment was held.

8. When asked to "identify" or to specify the "identity" of a person, specify, if that person is not an individual, its full name; its place of incorporation (where appropriate); its principal place of business; and the identity of all individuals employed by or acting for it at any time who have knowledge of the matter with respect to which the person is identified.

9. When asked to "identify" or to specify the "identity" of a document, specify the type of document; the general subject matter; the date of the document; the author(s); the addressee(s); and the recipient(s).

10. When asked to "identify" or to specify the "identity" of a communication, specify the form of the communication; if the communication was in written form, identify the communication in conformity with the preceding paragraph of these instructions; if the communication was not in written form, specify: the manner in which that communication was made (telephone, personal conversation, etc.); the identity of each person who participated in or witnessed the communication; the subject matter and content of the communication; the date of the communication; and if attorney-client privilege, work product immunity, or any other exemption from discovery is claimed, each basis for the claim.

11. When asked to "identify" or to specify the "identity" of a thing, produce the thing for inspection by Defendant, or specify its general description; its physical particulars (size, shape, color, weight, etc.); the date on which it was made; the identity of the persons who made it; the identity of the persons who asked that it be made; its present condition; and its present location.

12. Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice-versa.

13. If Plaintiffs elect to avail themselves of the procedure for answering interrogatories authorized by Rule 33(d) of the FEDERAL RULES OF CIVIL PROCEDURE, Defendant requests that, for each interrogatory so answered, Plaintiffs specify the particular documents relating to the subject matter of the specific interrogatory, and separately for each document, specify its source (i.e., the person from whom files were obtained or any other location from which it was taken), and its author and date of preparation, if not apparent from the face of the document.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State all factual and/or legal bases for your allegation that the commercial manufacture, use, sale, offer to sell, and/or importation of Mylan's ANDA Product would infringe the patents-in-suit, including, without limitation, an identification of each allegedly infringed claim, whether infringement of each claim is asserted literally or under the doctrine of equivalents, a chart setting forth the basis for the alleged infringement on a limitation-by-limitation basis, and an

identification of all documents and things that relate to such alleged infringement and all persons who have knowledge or information relating to such alleged infringement.

**INTERROGATORY NO. 2:**

Separately, for each asserted claim of the patents-in-suit, identify the dates that the claimed subject matter was first conceived, first reduced to practice, and first observed experimentally, as well as the dates on which activity constituting reasonable diligence under 35 U.S.C. § 102(g) took place; and for each date, identify with particularity the documents and evidence supporting the identified date, all facts that support or corroborate the identified date, and all persons with any knowledge relating to the identified date.

**INTERROGATORY NO. 3:**

Identify any right, title, or interest, and any assignment, transfer, covenant not to sue, or license of such right, title, or interest, including discussions and negotiations, to the subject matter of the patents-in-suit or any patents or patent applications related to the patents-in-suit, and identify all facts that support or corroborate your response, including identification of each person who has ever held any such right, title or interest, a description of the nature of such right, title, or interest, the amounts paid or other consideration given by the recipient of such rights, any obligations assumed, including obligations to cooperate, assist, or participate in the enforcement or defense of any patent-in-suit or any related patent or patent application, and identification of any documents referring or relating to such right, title or interest.

**INTERROGATORY NO. 4:**

Separately, for each asserted claim of the patents-in-suit, describe with full particularity the circumstances, including dates, in which the subject matter claimed in each of the patents-in-suit was first offered for sale, first disclosed to a non-inventor, first described in a printed publication anywhere in the world, and/or first publicly used in the United States, and identify all facts that support or corroborate your response.

**INTERROGATORY NO. 5:**

Describe with full particularity the qualifications of a person having ordinary skill in the art at the time the claimed subject matter of each of the patents-in-suit was made, and identify the field of art to which the claimed subject matter of each of the patents-in-suit pertains, and identify all facts that support or corroborate your response.

**INTERROGATORY NO. 6:**

To the extent you contend that the patents-in-suit are not invalid, describe with full particularity your factual and/or legal bases for your contentions and any disagreement with Defendant's grounds of invalidity, including, but not limited to the grounds of invalidity referenced in Defendant's notice letter and detailed statement, including the reasons why any claim limitations are not disclosed by the identified prior art and/or the reasons why a person of ordinary skill in the art would not combine the identified prior art to obtain the claimed subject matter, and identify all facts that corroborate or support your response.

**INTERROGATORY NO. 7:**

To the extent you intend to rely upon any secondary considerations of nonobviousness, identify and describe with full particularity your factual and/or legal bases for your contentions, including but not limited to: any purported "commercial success"; any purported "long-felt and unsolved need;" any purported "unexpected results" when compared to the closest prior art; any purported failure of others; any purported licenses showing industry acceptance; and any alleged skepticism by others, and identify all facts that corroborate or support your response.

**INTERROGATORY NO. 8:**

Separately, for each asserted claim of the patents-in-suit, describe with full particularity the contribution of each named inventor, the collaboration between the named inventors, including the joint conception and the joint reduction to practice, if any, identify all facts that support or corroborate your response, and identify the person most knowledgeable of the response to this interrogatory.

September 21, 2015                                STEPTOE & JOHNSON PLLC

By: _____
Gordon H. Copland (WV Bar #828)
gordon.copland@steptoe-johnson.com
William J. O'Brien (WV Bar #10549)
william.obrien@steptoe-johnson.com
Christopher Lauderman (WV Bar # 11136)
chris.lauderman@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: (304)933-8000
Facsimile: (304)933-8183

Of Counsel:

Tung-On Kong (tkong@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI**
One Market Street
Spear Tower, Suite 3300
San Francisco, California 94105
(415) 947-2000

Dennis Gregory (dgregory@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI**
1301 Avenue of the Americas
New York, New York 10019
(212) 999-5800

Mary Procaccio-Flowers (mprocaccioflowers@wsgr.com)
Nancy Zhang (nzhang@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Rd.
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendant Mylan Pharmaceuticals, Inc.*