# Exhibit C



**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

September 23, 2015

<u>VIA E-MAIL</u>

**Amy K. Wigmore**
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000
amy.wigmore@wilmerhale.com

Re:   *Takeda GMBH et al v. Mylan Pharmaceuticals Inc.* C.A. No. 1:15-cv-00093-IMK (D.N.W.Va.)

Dear Amy:

This is regarding the parties Rule 26(f) conference held Friday, September 18, 2015 and Plaintiffs' proposed schedule dated September 17, 2015. We are still consulting with our client about your proposal and expect to have an answer for you soon.

As we mentioned on the call, we would like certain additional information from Plaintiffs in order to propose an appropriate schedule.

First, we understand that Forest Research Institute Inc. ("Forest") (now part of Allergan plc) held the NDA for Daliresp®, the reference listed drug, from approval until earlier this year. We therefore expect that significant discovery will be required from Forest. We understand from that Plaintiffs' "goal" is for Forest to cooperate with discovery. Please clarify whether Forest is obligated by agreement or otherwise to assist Plaintiffs in Hatch-Waxman litigation and whether Plaintiffs consider relevant Forest documents to be within their possession, custody, and control. Plaintiffs' ability to compel Forest to cooperate with discovery and Forest's general willingness to cooperate could significantly affect the time required to conduct fact discovery.

Second, we understand that each of the seven named inventors of the five patents-in-suit are German, at least one is deceased, and that some or all of the remaining are no longer employed by Takeda. Which inventors, if any, are still employed by Plaintiffs and, of others, which have agreed to cooperate with discovery? This will help us understand whether it is likely that we will need to proceed under the Hague Convention and to what extent, which can lengthen the time required for fact discovery.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Amy K. Wigmore
September 23, 2015
Page 2

Third, we understand much the work leading to the patents-in-suit and Daliresp® took place in Germany and, therefore, many potentially relevant documents are located in Germany. You indicated that Plaintiffs may redact documents from Germany due to that country's data privacy laws. We would like clarification on the kinds of documents you intend to redact, the basis and, perhaps more importantly, the effect the redaction process is likely to have your document production. Again, this is likely to impact the length of the fact discovery period.

Fourth, during our Rule 26(f) conference you represented that Plaintiffs are willing to negotiate a procedure for the production of translations (e.g. joint certified translations). We appreciate your offer and agree that may be an appropriate practical solution. In the meantime, however, Plaintiffs should produce documents and any existing translations (certified or uncertified) in response to Mylan's written discovery requests.

Finally, Plaintiffs did not sue Mylan on the Orange Book-listed '154 patent and it is in this case because of Mylan's counterclaim. Mylan provided Plaintiffs with its ANDA months ago and we believe that the ANDA makes clear that Mylan does not infringe. If the parties can reach an agreement removing this patent from the case soon, it could significantly narrow the scope of discovery.

We look forward to your response.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Dennis Gregory/ss

Dennis Gregory

cc: All counsel of record