```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TAKEDA GMBH, ASTRAZENECA**
**PHARMACEUTICALS LP,**
**ASTRAZENECA UK LIMITED,**

    Plaintiffs/Counter-Defendants,

v.                                    CIVIL ACTION NO. 1:15cv93
                                                   (Judge Keeley)

**MYLAN PHARMACEUTICALS, INC.,**

    Defendant/Counter-Plaintiff.

## SCHEDULING ORDER

On **October 5, 2015**, the parties filed their meeting report and proposed discovery plan. On October 19, 2015, the Court conducted a scheduling conference in this matter and, pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f) and the Local Rules of Civil Procedure, as amended on July 20, 2010, **ORDERS** that the following table of dates and deadlines shall govern the further preparation of this case[1]:

| TABLE OF DATES AND DEADLINES ||
|---|---|
| INITIAL DISCOVERY DISCLOSURES | November 17, 2015 |
| MEET AND CONFER | November 16, 2015 |
| MEET AND CONFER REPORT | November 23, 2015 |
| PROPOSED PROCEDURES FOR POTENTIAL REDACTION | November 23, 2015 |

---

[1] As noted in this Court's First Order and Notice Regarding Discovery and Scheduling, the report is considered advisory only. Accordingly, this Court adopts the proposed discovery plan of the parties only to the extent noted.

**Takeda v. Mylan**                                                    **1:15cv93**

**SCHEDULING ORDER**

| | |
|---|---|
| PLAINTIFF JOIN PARTIES OR AMEND PLEADINGS | January 29, 2016 |
| DEFENDANT JOIN PARTIES OR AMEND PLEADINGS | January 29, 2016 |
| OPENING EXPERT REPORTS ON ISSUE FOR WHICH THE PARTY BEARS THE BURDEN OF PROOF | September 22, 2016 |
| REBUTTAL EXPERT REPORTS | November 7, 2016 |
| REPLY EXPERT REPORTS | December 2, 2016 |
| EARLIEST DATE TO BEGIN SERVING DISCOVERY | November 23, 2015 |
| COMPLETION OF FACT DISCOVERY | August 26, 2016 |
| COMPLETION OF EXPERT DISCOVERY | February 16, 2017 |
| PRODUCTION OF DOCUMENTS | |
|     ESI PROTOCOL AND PROTECTIVE ORDER | November 23, 2015 |
|     PLAINTIFFS' PRODUCE THE PATENTS, IND, and NDA | December 1, 2015 |
|     SUBSTANTIAL COMPLETION OF PRODUCTION OF DOCUMENTS | April 15, 2016 |
| *MARKMAN* EVENTS | |
|     IDENTIFY CLAIM TERMS FOR CONSTRUCTION | January 15, 2016 |
|     EXCHANGE PROPOSED CONSTRUCTIONS | January 29, 2016 |
|     SUBMIT JOINT CLAIM CONSTRUCTION CHART | February 12, 2016 |
|     OPENING CLAIM CONSTRUCTION BRIEFS | February 26, 2016 |
|     RESPONSIVE CLAIM CONSTRUCTION BRIEFS | March 25, 2016 |
| DISPOSITIVE MOTIONS | March 23, 2017 |
| RESPONSE TO DISPOSITIVE MOTIONS | April 13, 2017 |

**Takeda v. Mylan**                                                      **1:15cv93**

**SCHEDULING ORDER**

| | |
|---|---|
| REPLY TO DISPOSITIVE MOTIONS | April 27, 2017 |
| PRETRIAL MEMORANDA | July 14, 2017 |
| MOTIONS IN LIMINE | July 14, 2017 |
| RESPONSES TO MOTIONS IN LIMINE | July 21, 2017 |
| PLAINTIFF'S FINAL LIST OF WITNESSES AND EXHIBITS | July 14, 2017 |
| DEFENDANT'S FINAL LIST OF WITNESSES AND EXHIBITS | July 14, 2017 |
| OBJECTIONS TO FINAL LIST OF WITNESSES AND EXHIBITS | July 21, 2017 |
| PLAINTIFF'S INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL | July 14, 2017 |
| DEFENDANT'S INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL | July 14, 2017 |
| OBJECTIONS TO INTERROGATORIES AND DEPOSITIONS | July 21, 2017 |
| STIPULATION OF FACTS | July 21, 2017 |
| PROPOSED EXPERT WITNESS BIOGRAPHICAL SKETCHES | July 21, 2017 |
| DESIGNATION OF JOINT EXHIBITS | July 21, 2017 |
| INTERIM STATUS CONFERENCE (Telephonic) | December 18, 2015 4:00 p.m. |
| PRETRIAL CONFERENCE | July 28, 2017 10:00 a.m. |
| BENCH TRIAL DATE | August 7, 2017 9:30 a.m. (first) (Two weeks) |

    1.    **INITIAL DISCOVERY DISCLOSURES:** Pursuant to the parties' request at the scheduling conference, each party shall provide to

3

**Takeda v. Mylan**                                                                             **1:15cv93**

**SCHEDULING ORDER**

every other party the initial discovery disclosures required under Fed. R. Civ. P. 26(a)(1) on or before **November 17, 2015**.

    2. **MEET AND CONFER/REPORT/POTENTIAL REDACTION:** The parties shall meet and confer regarding Plaintiffs' (1) access to documents from the original NDA holder; and (2) for each living foreign inventor, whether Plaintiffs can provide the inventor for deposition, or whether Defendant will need to proceed under the Hague Convention, by no later than **November 16, 2015**. The parties shall file a report concerning the meet and confer conference by no later than **November 23, 2015**. The parties shall propose procedures for production and redaction of foreign documents by no later than **November 23, 2015**.

    3. **JOINDER AND AMENDMENTS**: Motions to join additional parties, motions to amend pleadings, as well as any similar motions, by the plaintiff shall be filed by **January 29, 2016**. Motions to join additional parties, motions to amend pleadings, as well as any similar motions, by the defendant shall be filed by **January 29, 2016**.

    4. **EXPERT DISCLOSURES AND REPORTS**: Opening expert reports, as required by Fed. R. Civ. P. 26(B), on issues for which the party bears the burden of proof for that issue shall be made to all other

**Takeda v. Mylan**                                                            **1:15cv93**

**SCHEDULING ORDER**

parties or their counsel no later than **September 22, 2016**. All rebuttal expert reports shall be made to all other parties or their counsel no later than **November 7, 2016**. All reply expert reports shall be made to all other parties or their counsel by no later than **December 2, 2016**.

The disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the physicians or medical providers will render an expert opinion in the case.

5. **FACT AND EXPERT DISCOVERY**: The parties may begin serving their respective discovery requests no earlier than **November 23, 2015**. All fact discovery shall be completed by **August 26, 2016**. All expert discovery shall be completed by **February 16, 2017**. "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "completed discovery" includes the

**Takeda v. Mylan**                                                                                    **1:15cv93**

SCHEDULING ORDER

disclosures required by Fed. R. Civ. P. 26(a)(1) and (2), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date, as provided in Fed. R. Civ. P. 26(e). The parties should refer to L.R. Civ. P. 5.01, L.R. Civ. P. 26.01 -26.04, L.R. Civ. P. 33.01, L.R. Civ. P. 34.01, L.R. Civ. P. 36.01, and L.R. Civ. P. 37.01 - 37.02 for further instructions on discovery practice.

The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby.[2] The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance.

    6.   **CLAIM CONSTRUCTION PRODUCTION:** The plaintiffs shall produce the patents, IND, NDA, no later than **December 1, 2015**.

---

[2] Extension of the discovery deadline does not change the other deadlines set forth herein nor shall it be a basis for seeking extension of those deadlines. In particular, the deadline for dispositive motions generally cannot be changed without affecting the trial date. In considering to extend discovery, the parties should give thought as to any possible impact on contemplated dispositive motions.

**Takeda v. Mylan** 1:15cv93

**SCHEDULING ORDER**

Production of documents shall be substantially completed by no later than **April 15, 2016**.

7. **ESI PROTOCOL/PROTECTIVE ORDER:** The parties shall submit their joint proposed protective order and ESI protocol to the Court by no later than **November 23, 2015**.

8. **CLAIM CONSTRUCTION ISSUE IDENTIFICATION**: On or before **January 15, 2016**, the parties shall identify and exchange a list of those claim terms that they believe will likely be disputed and require construction. On or before **January 29, 2016**, the parties shall exchange their proposed claim constructions, including identification of all intrinsic and extrinsic evidence to be relied upon. The parties shall submit their joint claim construction chart by no later than **February 12, 2016**.

9. **CLAIM CONSTRUCTION BRIEFING/HEARING:** The parties shall file their opening brief on or before **February 26, 2016**. Responsive claim construction briefs shall be filed no later than **March 25, 2016**.

10. **LIMITATIONS ON DISCOVERY**: The preemptive limitations on discovery (numbers of interrogatories, requests for admission, and depositions) set out in L.R. Civ. P. 26.01© apply to this case unless otherwise stipulated or ordered.

7

**Takeda v. Mylan**                                                    **1:15cv93**

**SCHEDULING ORDER**

---

11. **DISPOSITIVE MOTIONS**: All dispositive motions, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed by **March 23, 2017**. Unless parties have obtained an early briefing schedule from the Court, all dispositive motions should be filed after the close of discovery.

Any such motion must be supported by a memorandum at the time the motion is filed with the Clerk. Memoranda in opposition to such motions shall be delivered to the Clerk with copies served upon opposing counsel on or before **April 13, 2017**. Any reply memoranda shall be delivered to the Clerk with copies served upon opposing counsel on or before **April 27, 2017**. All dispositive motions unsupported by memoranda will be denied without prejudice. See L.R. Civ. P. 7.02(a).

Factual assertions made in memoranda should be supported by specific references to affidavits, depositions or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda. The parties may refer to L.R. Civ. P. 7.02, L.R. Civ. P. 12.02 and L.R. Civ. P. 78.01 for details on motion practice before this Court.

**Takeda v. Mylan**                                                                                    **1:15cv93**

## SCHEDULING ORDER

12. **PRETRIAL MEMORANDA**: A pretrial memorandum shall be submitted to the Court not later than **July 14, 2017**. The proposed pretrial memorandum shall contain at least those matters provided for under L.R. Civ. P. 16.04(b).

The pretrial memorandum shall contain for each party, a list of all witnesses who will be called at the trial:

- A. Each list of witnesses should include the witnesses' addresses and a statement of the general subject matter of their testimony. It is **NOT** sufficient to designate the witness simply "fact," "medical," or "expert." The list must also include an indication in good faith of those witnesses who **WILL** be called in the absence of reasonable notice to opposing counsel to the contrary and of those witnesses who **MAY** be called.

- B. This restriction does not apply to rebuttal witnesses or documents when necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports or have otherwise exchanged expert information. Expert witnesses whose reports have not been furnished to opposing counsel will not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished.

- C. Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of this Order and prior court orders.

The witness lists submitted to this Court as part of the pretrial memorandum shall include all of a party's potential

**Takeda v. Mylan**  1:15cv93

SCHEDULING ORDER
___

witnesses and exhibits and no party shall be permitted to add to these lists after the pretrial order is submitted to the Court. Following the pretrial conference, this Court shall enter the final pretrial order which shall be modified only to prevent manifest injustice.

    13.   **MOTIONS IN LIMINE**: All motions in limine, accompanied by memoranda of law, and all other related pre-trial motions shall be filed with the Clerk not later than **July 14, 2017**. Responses to such motions shall be filed by counsel by **July 21, 2017**.

    14.   **FINAL LIST OF WITNESSES AND EXHIBITS AND OBJECTIONS**: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **July 14, 2017**, plaintiff shall file with the Clerk a final list of those exhibits and witnesses that he or she actually intends to use or call at trial. Prior to that, he shall either forward copies of the proposed exhibits or make them available to all other counsel for examination. On or before **July 14, 2017** defendant shall file a list of proposed exhibits to be used and witnesses to be called at trial after having forwarded copies of them or having them available for examination to all other counsel. All exhibits shall be appropriately marked in numerical sequence (not lettered). Exhibit markers may be obtained from the Clerk.

**Takeda v. Mylan** 1:15cv93

SCHEDULING ORDER

By each of the dates set forth above, each counsel shall tender to the Clerk two sets (preferably in binders and on disk) of <u>copies</u> of the exhibits to be used at trial. These should be indexed for easy reference and each paper exhibit should be individually tabbed. One of the binders will be for the Court's use and the other is for use by the witness. Counsel should have their own copy of each exhibit and should furnish opposing counsel with a copy of each exhibit. <u>Original</u> exhibits shall be submitted to the Clerk at trial and should not be tendered to the Clerk prior to trial.

Any objection to any proposed witness or exhibit must be filed in writing no later than **July 21, 2017**, shall include a copy of the exhibit where possible, and shall include authority supporting the ground for objection. Failure to comply with this paragraph may constitute a waiver of objection or may result in the Court's denying any objection to the admission of an affected exhibit or witness.

15. **INTERROGATORIES AND DEPOSITIONS TO BE USED AT TRIAL AND OBJECTIONS**: Pursuant to Fed. R. Civ. P. 26(a)(3), on or before **July 14, 2017**, plaintiff shall file with the Clerk any interrogatories, answers thereto, depositions, etc., specifying the appropriate

11

**Takeda v. Mylan**                                                    1:15cv93

### SCHEDULING ORDER

portions thereto that plaintiff intends to offer in this case. Defendant shall do the same on or before **July 14, 2017**. Before designating these discovery materials, the parties shall meet and agree as to the elimination of all irrelevant and repetitive matter, and all colloquy between counsel in the depositions. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony. Any objections to the testimony that cannot be amicably resolved and the grounds for the objections shall be filed in writing by each of the parties no later than **July 21, 2017**, or such objection shall be deemed to have been waived. The objections shall include appropriate statement of authorities in support of the party's position. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

    16. **STIPULATION OF FACTS**: Counsel are encouraged to meet and enter into stipulations of facts in this case and any such stipulation shall be reduced to writing, signed by counsel and filed with the Court and with opposing counsel by **July 21, 2017**.

    17. **BIOGRAPHICAL SKETCHES**: Biographical sketches of any proposed expert witnesses shall be filed with the Court and with opposing counsel by **July 21, 2017**.

**Takeda v. Mylan**                                                          **1:15cv93**

**SCHEDULING ORDER**

---

18. **DESIGNATION OF JOINT EXHIBITS**: The parties should consider designating a list of joint exhibits and should file any list of exhibits to be jointly designated by **July 21, 2017**.

19. **INTERIM STATUS CONFERENCE:** A telephonic status conference will be held on **December 18, 2015** at **4:00 p.m.** The Court directs lead counsel for plaintiffs to initiate the conference call, which shall include all parties wishing to participate by phone or, alternatively, counsel may provide a call-in number to all parties participating by telephone and the Court.

20. **PRETRIAL CONFERENCE**: A pretrial conference shall be held at **10:00 a.m.** on **July 28, 2017**, at **the Clarksburg, West Virginia** point of holding court. Lead trial counsel for each represented party must attend. Counsel and parties should be prepared to participate fully and to discuss all aspects of the case, including the matters set forth in the pretrial order. Persons with full authority to settle the case for each party shall be present in person.

21. **TRIAL**: A bench trial in this action shall be held on **August 7, 2017** at **9:30 a.m.** at the **Clarksburg, West Virginia** point of holding court. This case is presently the **first** case on the trial docket for that week.

13

**Takeda v. Mylan**                                              1:15cv93

**SCHEDULING ORDER**

---

22. **SETTLEMENT AUTHORITY AND SANCTIONS**: At least one of the attorneys for each party participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and L.R. Civ. P. 37.01 respecting pretrial conferences or orders.

23. **DEADLINES FINAL**: The time limitations set forth above shall not be altered except as set forth in L.R. Civ. P. 16.01(f).

All dates for submissions, deliveries and filings with the Clerk or the Court refer to the date the materials must be actually <u>received</u> not the mailing date.

**FAILURE ON THE PART OF COUNSEL TO APPEAR AT THE PRETRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON. COMPLIANCE WITH THIS ORDER INCLUDES *TIMELY* AND *GOOD FAITH EFFORT* BY *ALL* PARTIES TO MEET AND**

**Takeda v. Mylan** 1:15cv93

**SCHEDULING ORDER**

*JOINTLY* **PREPARE THE FINAL PRETRIAL ORDER AND OTHER ITEMS DESCRIBED ABOVE.**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Scheduling Order to counsel of record.

DATED:  October 21, 2015

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
